O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#11

CIVIL MINUTES - GENERAL

| Case No. | CV 11-4540 PSG (FFMx) | Date | August 16, 2011 |
|---|---|---|---|
| Title | Hooman Melamed, M.D., *et al.* v. Blue Cross of California, *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order Denying Plaintiffs' Motion to Remand

Pending before the Court is Plaintiffs Hooman Melamed, M.D. and Hooman M. Melamed, M.D., Inc.'s Motion to Remand this case to state court. The Court heard arguments on the matter on July 25, 2011. Having considered the moving and opposing papers, as well as arguments presented at hearing, the Court DENIES the Motion to Remand.

I.      Background

Before voluntarily dismissing all of his claims, Plaintiff Hooman Melamed, M.D. ("Melamed") was a named plaintiff in *In re Wellpoint, Inc. Out-of-Network "UCR" Rates Litigation* ("the WellPoint MDL"). After dismissing those claims, Melamed and Hooman M. Melamed, M.D., Inc. (collectively, "Plaintiffs") filed a new lawsuit (the "2010 Case") in California state court against Defendants Blue Cross of California and Anthem Blue Cross Life and Health Insurance Company (collectively, "Defendants"). That 2010 case was then consolidated with the WellPoint MDL. Plaintiffs voluntarily dismissed the 2010 Case as well, and again filed a new lawsuit—the present lawsuit—in state court asserting claims related to the claims in the WellPoint MDL and the 2010 Case. *See* Dkt. #1 at 22 ("Notice of Related Case"); *see also Singer Decl.*, Ex. 1 (same). Defendants removed the case to this Court and Plaintiffs now seek an order remanding the case to state court.

In the Complaint, Plaintiffs assert the following six causes of action: (1) breach of implied-in-law contract; (2) breach of implied contract; (3) open book account; (4) quantum

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#11

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4540 PSG (FFMx) | Date | August 16, 2011 |
|---|---|---|---|
| Title | Hooman Melamed, M.D., *et al.* v. Blue Cross of California, *et al.* | | |

meruit; (5) unjust enrichment; and (6) violation of California's Unfair Competition Law ("UCL").[1] Painting the Complaint with a broad brush, Plaintiffs allege that Melamed performed various emergency medical services that Defendants were required to reimburse him for under both California's Health and Safety Code § 1371, *see Compl.* ¶¶ 11-12, 21-23, and various contracts that Defendants entered into with their members, *see Compl.* ¶¶ 26-28. Of course, all of Plaintiffs' claims are state-law claims on their face. Yet, Defendants removed the case to this Court by claiming that the Employee Retirement Income Security Act ("ERISA") completely preempts Plaintiffs' claims, thus conferring federal question jurisdiction.

II.     Legal Standard

Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or on complete diversity between the parties, *see* 28 U.S.C. § 1332. If at any time before the entry of final judgment it appears that the Court lacks subject matter jurisdiction over a case removed from state court, it must remand the action to state court. *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund,* 500 U.S. 72, 111 S. Ct. 1700, 114 L. Ed. 2d 134 (1991). There is a "strong presumption" against removal jurisdiction, and the party seeking removal always has the burden of establishing that removal is proper. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992). If there is any doubt as to the propriety of removal, federal jurisdiction must be rejected. *Id.* at 567.

The presence or absence of federal-question jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987). This is the case where the complaint "establishes either that [1] federal law creates the cause of action or that [2] the

---

[1] The Court realizes that Plaintiffs have filed a First Amended Complaint ("FAC"), which does not include the "breach of implied contract" claim. *See generally, FAC.* The FAC is largely irrelevant now as the propriety of removal is determined by the existence of subject matter jurisdiction "at the time of removal." *See, e.g., Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998) ("jurisdiction must be analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments"). The Court notes, however, that even some of the claims in the FAC are completely preempted, thus conferring federal question subject matter jurisdiction over the case.

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

#11

### CIVIL MINUTES - GENERAL

| Case No. | CV 11-4540 PSG (FFMx) | Date | August 16, 2011 |
|---|---|---|---|
| Title | Hooman Melamed, M.D., *et al.* v. Blue Cross of California, *et al.* | | |

plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement*, 524 F.3d 1090, 1100 (9th Cir. 2008) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983)). Importantly, under the well-pleaded complaint rule, a defendant's federal claims or defenses may not serve as a basis for removal. *See Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985).

III.    Discussion

Defendants removed this cased based only on the purported presence of federal question jurisdiction, not diversity of the parties. In the Notice of Removal, Defendants argue that the "claims for one or more of the Patients identified in the [C]omplaint are . . . governed under a plan subject to ERISA," and the "doctrine of complete ERISA preemption confers federal-question [subject matter] jurisdiction over Plaintiffs' Action." *See Notice of Removal* ¶ 4. Thus, the question before the Court is whether Defendants are correct in their "complete ERISA preemption" argument.

    A.    ERISA Preemption

It is generally true that state-law claims like those asserted in Plaintiffs' Complaint cannot be removed solely on the basis that federal law preempts them. This is so because federal law would only arise as a defense, in violation of the well-pleaded complaint rule. *See, e.g., Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S. Ct. 1542, 95 L. Ed. 2d 55 (1987). Where federal preemption is so strong as to "wholly displace[] the state-law cause of action," however, the state claims are effectively transformed into federal claims and may be removed from state to federal court. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207, 124 S. Ct. 2488, 159 L. Ed. 2d 312 (2004). This brand of preemption is referred to as "complete preemption" and exists in the ERISA context. *See id.* at 208-09. But just because ERISA is somehow relevant to a particular case does not mean that all of a plaintiff's state law claims are completely preempted and that federal question jurisdiction exists. ERISA is capable of both "complete preemption" under § 502(a) of ERISA, 29 U.S.C. § 1132(a), and "conflict preemption" under § 514(a) of ERISA, 29 U.S.C. § 1144(a). *See Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 945 (9th Cir. 2009). Complete preemption provides a basis for federal question jurisdiction, conflict preemption does not. *Id.* To understand the difference, some general background on ERISA may be helpful.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#11**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4540 PSG (FFMx) | Date | August 16, 2011 |
|---|---|---|---|
| Title | Hooman Melamed, M.D., *et al.* v. Blue Cross of California, *et al.* | | |

ERISA was enacted to "protect . . . the interests of participants in employee benefit plans and their beneficiaries" by creating a system of regulation and by "providing for appropriate remedies, sanctions, and ready access to the federal courts." 29 U.S.C. § 1001(b). Determined to see ERISA fulfill its textually-stated purposes, Congress gave ERISA "expansive pre-emption provisions . . . which are intended to ensure that employee benefit plan regulation would be 'exclusively a federal concern.'" *Davila*, 542 U.S. at 208 (citing *Alessi v. Raybestos-Manhattan, Inc.*, 451 U.S. 504, 523, 101 S. Ct. 1895, 68 L. Ed. 2d 402 (1981)). These "expansive pre-emption provisions" include the aforementioned complete and conflict preemption provisions.

The first means of ERISA preemption, "conflict preemption" under § 514(a), expressly preempts state laws that "relate to any employee benefit plans," but does not preempt state laws regulating insurance. 29 U.S.C. § 1144(a). The second means of ERISA preemption, "complete preemption" under § 502(a), is much more powerful and provides the only cause of action for violations of ERISA. *Davila*, 542 U.S. at 209 ("any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy and is therefore pre-empted"). Because Congress sought broad application of ERISA by effectively replacing state-law causes of action with federal causes of action, the complete preemption doctrine is "really a jurisdictional rather than a preemption doctrine, as it confers exclusive federal jurisdiction in certain instances." *Marin Gen. Hosp.*, 581 F.3d at 945; *see also Metro. Life Ins.*, 481 U.S. at 66-65 (ERISA § 502(a)'s preemptive force is so strong that it changes "an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule"). In sum, alleged violations of state laws that only "relate to" an employee benefit plan may warrant application of the conflict preemption doctrine as a defense (without affording federal question jurisdiction to a federal court), whereas state-law causes of actions asserted as an end-around for violations of ERISA warrant application of the complete preemption doctrine and morph an otherwise state-law complaint into a federal-question complaint.

State-law causes of actions are completely preempted by ERISA if the two-prong test set forth in *Aetna Health, Inc. v. Davila* is satisfied. The first prong is satisfied if the ERISA plaintiff "at some point in time, could have brought his claim under ERISA § 502(a)(1)(B)," which permits recovery of benefits due, enforcement of rights, or clarification of rights to future benefits under the terms of an applicable employee benefits plan. *Id.*; *see also Marin Gen. Hosp.*, 581 F.3d at 946. The second prong is satisfied if "there is no other [non-ERISA] independent legal duty that is implicated by a defendant's actions." *Id.* In *Davila*, the Supreme

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#11**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4540 PSG (FFMx) | Date | August 16, 2011 |
|---|---|---|---|
| Title | Hooman Melamed, M.D., *et al.* v. Blue Cross of California, *et al.* | | |

Court determined that the first prong was met because the *Davila* plaintiffs' only claims related to "denial of coverage promised under the terms of the ERISA-regulated employee benefit plans," and the plaintiffs could have brought suit under § 502(a)(1)(B). *Id.* at 211. The second prong was met because plaintiffs' lawsuit sought only to "rectify a wrongful denial of benefits promised under [an] ERISA-regulated plan[], and [did] not attempt to remedy any violation of a legal duty independent of ERISA." *Id.* at 214.

      B.      Whether the Doctrine of Complete Preemption Under ERISA Applies

In this case, Defendants argue that complete preemption applies to at least one of Plaintiffs' causes of actions, an argument Plaintiffs' disagree with. For the reasons that follow, the Court agrees that ERISA completely preempts at least one of Plaintiffs' claims and DENIES Plaintiffs' motion to remand.

             1.      Whether the "Contracts" are Subject to ERISA Regulation

Although the Supreme Court identified only two questions that must be answered to determine the effect of ERISA's § 502(a) preemption provision, a preliminary inquiry is necessary in this case. More specifically, the parties dispute whether any of the medical-services "contracts" identified in the Complaint as existing between Defendants and their members are even subject to ERISA regulation. *See Mot.* 7:24-25 (arguing that "Defendants' have failed to assert or establish" that the "underlying insurance contracts were ERISA plans").

ERISA provides that an employee benefit plan can be either a welfare benefit plan or a pension benefit plan, or both. 29 U.S.C. § 1002(3). An employee welfare benefit plan, is:

> any plan, fund, or program . . . established or maintained by an employer or by an employee organization . . . to the extent that such plan . . . was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment[.]

*Id*. It is this type of ERISA plan that is at issue in this case.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#11**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4540 PSG (FFMx) | Date | August 16, 2011 |
|---|---|---|---|
| Title | Hooman Melamed, M.D., *et al.* v. Blue Cross of California, *et al.* | | |

In the Complaint, Plaintiffs identify fourteen different patients by their patient ID, the amount it cost Melamed to provide emergency medical services to those patients, and the amount that Defendants paid as reimbursement for those same services.  *See Compl.* ¶ 14.  While the Complaint itself does not identify each patient as a holder of an ERISA plan, Defendants were able to determine, based on the provided Patient ID's, that at least four patients were Defendants' members covered by healthcare plans subject to ERISA at the time of treatment.  *See Loftin Decl.* ¶¶ 3-6, Exs. 1-4.  Although Plaintiffs, in their Motion to Remand, questioned whether Defendants would be able to offer proof of an ERISA plan at issue, they do not deny the existence of ERISA plans in light of Defendants' evidence.  *See generally*, *Reply*.  Thus, Defendants have met their burden of establishing that at least some of the "contracts" identified in the Complaint are or were health insurance plans subject to ERISA.

      2.     <u>Whether Plaintiffs Could Have Brought Their Claims Under ERISA § 502(a)(1)(B)</u>

Having established that at least some of the "contracts" identified in the Complaint are subject to ERISA, the question becomes whether Defendants have met their burden of establishing each of the two prongs of the *Davila* complete-preemption test.  As mentioned, the question under *Davila*'s first prong is whether a plaintiff asserting a state-law cause of action "at some point in time, could have brought [the] claim under ERISA § 502(a)(1)(B)."  *Davila*, 542 U.S. at 210.

Plaintiff's Complaint relies on California law to allege breach of an implied-in-law contract, breach of implied contract, open book account, quantum meruit, unjust enrichment, and violation of California's UCL.  While all the claims arise out of the same general conduct—*i.e.*, Defendants' members received emergency medical care from Plaintiffs, but Defendants did not provide payment for that care—broadly speaking, there are two distinct theories of liability forming Plaintiffs' claims.[2]

---

[2] In the Reply, Plaintiffs claim that, by omitting the claim for breach of implied contract, the First Amended Complaint "clarify[ies] the independent rights upon which Plaintiffs are suing." *Reply* at 3 n.2.  For the reasons stated in footnote one, *supra*, the Court must consider whether subject matter jurisdiction existed at the time of removal.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#11**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4540 PSG (FFMx) | Date | August 16, 2011 |
|---|---|---|---|
| Title | Hooman Melamed, M.D., *et al.* v. Blue Cross of California, *et al.* | | |

First, the Complaint is replete with allegations of money owed by operation of statute, not an ERISA health care plan specifically. For example, Plaintiffs claim that Defendants' members received emergency medical services from Melamed, *Compl.* ¶ 7, that under California Health and Safety Code § 1371.4 (the "Knox-Keene Act") a health plan such as Defendants is required to "reimburse emergency physicians for emergency services that physicians provide to the plan's members," *Compl.* ¶ 12, and that "Defendants have breached their obligation to reimburse Plaintiffs for . . . services, and have violated California law," *Compl.* ¶ 18. Thus, this first theory of liability (the "statutory theory of liability"), depends largely on a duty created by California law, not specifically on a plan governed by ERISA. But, as will be shown below, Plaintiffs still could have brought these statutory-theory claims under ERISA and *Davila*'s first prong is satisfied.

Separate from the statutory theory of liability, Plaintiffs' Complaint also alleges that money is owed to Plaintiffs as third-party beneficiaries of the ERISA-governed healthcare agreements entered into between Defendants and at least four of Defendants' members (the "contract theory of liability"). More specifically, Plaintiffs' second cause of action for breach of implied contract alleges that "Defendants' members treated by Plaintiffs have valid written contracts with Defendants whereby Defendants are obligated to pay for out-of-network emergency medical services rendered by Plaintiffs and incurred by Defendants' members." *Compl.* ¶ 26. The Complaint goes on to allege that "the written contracts between Defendants and Defendants' members specifically provide that, in the case of an emergency, Defendants' members should seek emergency medical services at the nearest emergency room, and that Defendants will reimburse any such out-of-network emergency medical services at [the usual and customary rates]." *Compl.* ¶ 27. Finally, the Complaint makes it undeniably clear that, in some cases, it is the ERISA-governed "contracts" themselves that warrant payment: "By virtue of the terms and conditions of the written contracts between Defendants and Defendants' members, Plaintiffs, upon providing out-of-network emergency medical services to Defendants' members, have been and continue to be third-party beneficiaries to the terms and conditions of these written contracts between Defendants and Defendants' members . . . [and] Defendants were and are contractually bound to reimburse Plaintiffs for out-of-network emergency services at [the usual and customary rate]." *Compl.* ¶ 28.

It is Plaintiffs' contractual theory of liability and related claims that most obviously lead to the Court's conclusion that Defendants have satisfied *Davila*'s first prong. Plaintiffs' allege that they are owed money for medical services performed under an ERISA-governed contract to

**O**

#11

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 11-4540 PSG (FFMx) | Date | August 16, 2011 |
|---|---|---|---|
| Title | Hooman Melamed, M.D., *et al.* v. Blue Cross of California, *et al.* | | |

which they are beneficiaries. Plaintiffs' sole argument related to the *Davila*'s first prong is that they lack standing under ERISA and therefore could never have brought a claim under ERISA § 502(a)(1)(B). To have standing to assert an ERISA claim, the party bringing suit must be a plan "participant," "beneficiary," or "fiduciary," or the Secretary of Labor. 29 U.S.C. § 1132(a). Defendants here do not claim that Plaintiffs are participants or fiduciaries with respect to the ERISA benefit plans, or that one of them is the Secretary of Labor. The question is whether Plaintiffs, as non-assignee providers of medical services, are beneficiaries within the scope of ERISA.

As mentioned, Plaintiffs base their claim for breach of implied contract on their status as "third-party beneficiaries" to the health insurance "contracts" entered into between Defendants and Defendants' members. *See Compl.* ¶¶ 25-28. Neither party disputes that. What is disputed, however, is whether those "contracts" make Plaintiffs beneficiaries as the term is defined in ERISA. If so, then Plaintiffs have standing to assert an ERISA § 502(a)(1)(B) claim, and together with the other allegations in the Complaint, could have asserted such a claim. If not, then the inquiry shifts to determine whether Plaintiffs' other claims could be asserted under ERISA § 502(a)(1)(B).

ERISA defines a "beneficiary" as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8). The Ninth Circuit has broadly construed the term "beneficiary" to include more than just "spouses and dependents" of participants. *Peterson v. Am. Life & Health Ins. Co.*, 48 F.3d 404, 409 (9th Cir. 1995). Instead, "beneficiary" means "any person designated to receive benefits from a policy that is part of an ERISA plan" by the terms of the plan itself or by a participant. *Id.* In this case, Defendants submitted evidence indicating that at least two of the ERISA plans belonging to Defendants' members specifically provide that Defendants "will pay Non-Contracting Hospitals and other providers of service directly when emergency services and care are provided to you or one of your Family Members." *Loftin Decl.*, Ex. 2 at 63, Ex. 4 at 56. Importantly, the Complaint indicates that Melamed is a non-contracting provider who provided emergency medical services to Defendants' members. Together with the ERISA plans submitted by Defendants, Plaintiffs' allegations make clear that the ERISA plans themselves, by their

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#11

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4540 PSG (FFMx) | Date | August 16, 2011 |
|---|---|---|---|
| Title | Hooman Melamed, M.D., *et al.* v. Blue Cross of California, *et al.* | | |

terms, "designate" Melamed as a person who can receive benefits under the plans; in other words, he has standing to sue as a beneficiary under ERISA.[3]

Even if Plaintiffs were not beneficiaries under the plans, Plaintiffs still could have brought either their statutory-theory claims or their contract-theory claim under ERISA as assignees of benefits. *See Mot.* 7:17-19 (Plaintiffs, in theory, could bring all their claims "as assignees of the patients' benefits under the plans"). As mentioned, Plaintiffs seek reimbursement for the total "usual and customary" rate of services performed to Defendants' members as promised in the ERISA plans. This is quite clearly a benefit owed and even though Plaintiffs did not bring their claims under ERISA, they admittedly could have done so for certain patients and *Davila*'s first prong is satisfied for claims related to both Plaintiffs' statutory and contractual theories of liability. *See Davila*, 542 U.S. at 210 (*Davila*'s first prong is met if a plaintiff, "at some point in time, could have brought his claim under ERISA § 502(a)(1)(B)"); *see also Cleghorn v. Blue Shield of California*, 408 F.3d 1222 (9th Cir. 2005) (Plaintiff "argues that his claims no longer implicate ERISA because he amended his complaint to delete his individual claim. Artful pleading does not alter the potential for this suit to frustrate the objectives of ERISA.").

Plaintiffs' first and second causes of action for breach of implied-in-law contract and breach of implied contract are based on Defendants' failure to perform on at least some ERISA plans belonging to Defendants' members, a claim that Plaintiffs' have standing to bring—and could have brought—as assignees or specifically identified beneficiaries under the terms of the relevant plans. The fact that Plaintiffs do not depend on being assignees of their patients' plan benefits is of no consequence, because, admittedly, Plaintiffs *could have* brought their claims as assignees under ERISA with respect to certain patients. Thus, Defendants have met their burden to establish *Davila*'s first prong with respect to Plaintiffs' first and second causes of action.[4]

---

[3] Although many cases have dealt with the issue of a medical-service provider's standing to assert an ERISA claim after being assigned rights under an ERISA benefits plan, the Court is unable to locate any authority addressing a medical-service provider's standing to sue without having first been assigned rights under an applicable benefits plan. However, the Court need not decide that yet-unanswered question because this case's specific facts compel a specific resolution.

[4] The fact that Defendants have met their burden of establishing complete preemption, and thus federal-question jurisdiction, with respect to Plaintiffs' first cause of action is important because

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#11

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4540 PSG (FFMx) | Date | August 16, 2011 |
|---|---|---|---|
| Title | Hooman Melamed, M.D., *et al.* v. Blue Cross of California, *et al.* | | |

3. <u>Whether There is Another Independent Legal Duty that is Implicated by Defendants' Actions</u>

*Davila*'s second prong is satisfied if "there is no other independent legal duty that is implicated by a defendant's actions." *Davila*, 542 U.S. at 210. Although Plaintiffs' claim that California's Knox-Keene Act provides an independent legal duty separate from any ERISA plan in this case, the weight of authority disagrees. Specifically, the Ninth Circuit considered a similar issue in *Cleghorn v. Blue Sheild of California*, 408 F.3d 1222 (9th Cir. 2005). In that case, a health plan participant sued an insurer in state court, alleging violations of the UCL and other California laws. *Cleghorn*, 408 F.3d at 1224. The insurer removed the action to federal court, arguing that ERISA completely preempted all of the plaintiff's state-law causes of action. *Id.* In the plaintiff's motion to remand the action to state court, and on appeal, plaintiff argued that California's Knox-Keene Act provided an independent legal duty for the insurer to cover emergency treatment whenever the insured reasonably believed that it was required. *Id.* The Ninth Circuit rejected plaintiff's argument and held that any duty that the insurer had to reimburse for emergency services under the Knox-Keene Act was necessarily dependent on the fact that plaintiff was a participant in an ERISA-governed plan. *Id.* at 1226 ("Any duty or liability that Blue Shield had to reimburse him 'would exist here only because of [Blue Shield's] administration of ERISA-regulated benefit plans." (quotation and citation omitted)).

The same is true here. Knox-Keene provides that "[a] health care service plan . . . shall reimburse providers for emergency services and care provided *to its enrollees*, until the care results in stabilization of the enrollee," with certain exceptions. Cal. Health & Safety Code § 1371.4(b) (emphasis added). As in *Cleghorn*, any obligation that Defendants' had to pay for emergency services is entirely dependent on Plaintiffs' patients—who are also Defendants' members—being enrolled in a qualifying benefits plan. Thus, *Cleghorn* controls the outcome of this prong with respect to Plaintiffs' first and second of action and Defendants have carried their burden to show "there is no other independent legal duty that is implicated by a defendant's action[]" under the facts of this case. *Davila*, 542 U.S. at 210. Moreover, because at least two of the patients had ERISA-governed plans with specific language indicating that a non-contracting emergency services provide would be paid directly by Defendants, Defendants' duty to pay arises via the contract itself, regardless of its inclusion of language similar to California's Knox-Keene Act.

---

the first cause of action is asserted in both the Complaint and the FAC.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#11**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4540 PSG (FFMx) | Date | August 16, 2011 |
|---|---|---|---|
| Title | Hooman Melamed, M.D., *et al.* v. Blue Cross of California, *et al.* | | |

IV.     Conclusion

　　　　Based on the foregoing, Plaintiffs' breach of implied-in-law contract and breach of implied contract claims related to certain patients identified in the Complaint could have been brought under ERISA and exist only because of those patients' enrollment in ERISA governed plans.  Thus, the Court DENIES Plaintiffs' Motion to Remand.

　　　　**IT IS SO ORDERED.**