O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**#12/19**
**JS-6**

### CIVIL MINUTES - GENERAL

| Case No. | CV 11-4540 PSG (FFMx) | Date | January 13, 2012 |
|---|---|---|---|
| Title | Hooman Melamed, M.D., *et al.* v. Blue Cross of California, *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order GRANTING Defendants' Motion to Dismiss and MOOTING motion to consolidate

    Pending before the Court are Defendants Blue Cross of California and Anthem Blue Cross Life and Health Insurance Company's (collectively, "Defendants") motions to dismiss the First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), and to consolidate any remaining claims with the *In re WellPoint, Inc. Out-of-Network "UCR" Rates Litigation*, MDL 09-2074 PSG (the "WellPoint MDL"). The Court finds the matters appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the moving papers filed in support of and opposition to the motions, the Court GRANTS Defendants' motion to dismiss with prejudice and moots the motion to consolidate.

I.    Background

    Prior to initiating the current lawsuit, Plaintiff Hooman Melamed, M.D. was a plaintiff in two prior actions challenging Defendants' "usual and customary rate" ("UCRs") calculations used to reimburse out-of-network providers for services performed. In 2009, Melamed joined in the filing of the First Consolidated Amended Complaint ("FCAC") in the WellPoint MDL as a named plaintiff. While a motion to dismiss the FCAC was pending in that action, the WellPoint Defendants also filed a motion in the Southern District of Florida seeking to enjoin Dr. Melamed and the other physician plaintiffs (together, the "Provider Plaintiffs") from asserting their claims. The WellPoint Defendants argued that the Provider Plaintiffs' claims in the WellPoint MDL

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#12/19
JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4540 PSG (FFMx) | Date | January 13, 2012 |
|---|---|---|---|
| Title | Hooman Melamed, M.D., *et al.* v. Blue Cross of California, *et al.* | | |

violated the terms of a settlement agreement reached in an earlier multi-district litigation brought before the Southern District of Florida, the *In re Managed Care Litigation*, Case No. 00-1334-MD-MORENO (the "Managed Care MDL").

On January 7, 2010, while both motions relating to the WellPoint MDL were pending, Dr. Melamed commenced a second action - the "2010 Case" - on behalf of himself and his billing entity, Hooman M. Melamed M.D., Inc. (collectively, "Plaintiffs"). It was removed to this Court the following month, and, shortly thereafter, Plaintiff voluntarily dismissed his individual claims in the WellPoint MDL. *See* Docket No. 82 (Mar. 3, 2010), MDL 09-2074 PSG (FFMx). The notice of voluntary dismissal in the WellPoint MDL states that "individual plaintiff Hooman Melamed (Dr. Melamed") hereby voluntarily dismisses without prejudice his individual claims brought in the above-captioned case. Dr. Melamed voluntarily dismisses without prejudice his claims pursuant to [Rule 41(a)(1)]. This notice is intended to fulfill the requirements of Rule 41 and...Dr. Melamed dismisses only those claims in this action which pertain to him individually and not those of other named plaintiffs or any proposed class." *Id.*

On April 16, 2010, the 2010 Case was consolidated with the WellPoint MDL. The Court found consolidation "appropriate because both cases involve allegations that WellPoint, Inc. subsidiaries improperly reimbursed 'out-of-network' providers in reliance on the Ingenix, Inc. database." *See* Docket No. 28 (Apr. 16, 2010), Case No. 10-0962 PSG (FFMx). Almost a year later, the Southern District of Florida ruled on the WellPoint Defendants' motion regarding the Provider Plaintiffs' claims in the WellPoint MDL and issued an Order enjoining them from bringing their claims (the "March 8 Order"). *See* Docket No. 6190 (Mar. 8, 2011), Case No. 00-1334-MD-MORENO. The March 8 Order identified Dr. Melamed along with other named plaintiffs and the Medical Association plaintiffs, giving them twenty days "to withdraw all their claims against Settling Defendant Wellpoint asserted in *In re Wellpoint, Inc. Out-of-Network "UCR" Rates Litigation*, Master File No. MDL 09-2074." *See id.*

On March 28, 2011 and April 5, 2011, respectively, Plaintiffs filed notices of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1) in both the WellPoint MDL and the 2010 Case. *See* Docket No. 209 (Mar. 29, 2011), MDL 09-2074 PSG (FFMx); *See* Docket No. 32 (Apr. 5, 2011), Case No. 10-0962 PSG (FFMx). Both notices state that Plaintiffs "hereby voluntarily dismiss without prejudice their claims brought in the above-captioned case." *See id.* Neither indicates that it was filed in response to the Southern District of Florida's March 8

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#12/19
JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4540 PSG (FFMx) | Date | January 13, 2012 |
|---|---|---|---|
| Title | Hooman Melamed, M.D., *et al.* v. Blue Cross of California, *et al.* | | |

Order. *Compare* Docket No. 208 (Mar. 28, 2011), MDL 09-2074 PSG (FFMx) ("Plaintiff American Medical Association ("AMA") respectfully requests this Court to dismiss without prejudice the claims it has brought on behalf of physician members who were members of the class in the WellPoint Settlement in *In re Managed Care* Litigation. The AMA is filing this motion only because of the Order entered on March 8, 2011, by the United States District Court for the Southern District of Florida."). Plaintiffs do not argue in Opposition that their dismissal of the 2010 Case following issuance of the March 8 Order was involuntary. *See* Opp.

Less than two weeks later, Plaintiffs initiated a third lawsuit - the 2011 Case - in state court, asserting claims related to both the WellPoint MDL and the 2010 Case. *See* Dkt. 1 (Apr. 15, 2011); *id.* at 22 ("Notice of Related Case"). Defendants removed the 2011 Case to this Court on May 26, 2011, and subsequently filed the present motions to dismiss or consolidate.

II.     Legal Standard

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a cause of action if the plaintiff fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts should be mindful that the Federal Rules of Civil Procedure generally require only that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required to survive a Rule 12(b)(6) motion to dismiss, a complaint that "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, -U.S.-, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007)). Rather, the complaint must allege sufficient facts to support a plausible claim to relief. *See id.*

In evaluating a Rule 12(b)(6) motion, the court must engage in a two-step analysis. *See id.* at 1950. First, the court must accept as true all non-conclusory, factual allegations made in the complaint. *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164, 113 S. Ct. 1160, 1161, 122 L. Ed. 2d 517 (1993). Based upon these allegations, the court must draw all reasonable inferences in favor of the plaintiff. *See Mohamed v. Jeppesen Dataplan, Inc.*, 579 F.3d 943, 949 (9th Cir. 2009). Second, after accepting as true all non-conclusory allegations and drawing all reasonable inferences in favor of the plaintiff, the court

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#12/19
JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4540 PSG (FFMx) | Date | January 13, 2012 |
|---|---|---|---|
| Title | Hooman Melamed, M.D., *et al.* v. Blue Cross of California, *et al.* | | |

must determine whether the compliant alleges a plausible claim for relief. *See Iqbal*, 129 S. Ct. at 1950. Despite the liberal pleadings standards of Rule 8, conclusory allegations will not save a complaint from dismissal. *See id.*

    Finally, the Court notes that in ruling on a motion to dismiss, it may consider documents outside the pleadings without the proceeding turning into summary judgment. *See Lee v. City of Los Angeles,* 250 F.3d 668, 688-89 (9th Cir. 2001). In particular, the Court may consider: (a) documents that are "properly submitted as part of the complaint,"; (b) documents on which plaintiff's complaint necessarily relies and whose authenticity is not contested; and (c) "matters of public record" of which the court may take judicial notice under Rule 201 of the Federal Rules of Evidence. *See id.* (internal quotations omitted). A court may take judicial notice of court records. *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 505 (9th Cir.1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir.1980).

III.    Discussion

    Defendants move to dismiss the First Amended Complaint on the grounds that the 2011 Case is barred by Federal Rule of Civil Procedure 41(a), or, in the alternative, because Plaintiffs otherwise fail to state claims upon which relief may be granted pursuant to Rule 12(b)(6). The FAC states the following claims: (1) Breach of Implied-In-Law Contract, (2) Open Book Account, (3) Quantum Meruit, and (4) Unjust Enrichment. The Court first determines whether the 2011 Case is barred by operation of Rule 41(a).

    A.    Federal Rule of Civil Procedure 41(a)

    As noted above, Plaintiff voluntarily dismissed the claims in the WellPoint MDL "which pertain[ed] to him individually" on March 3, 2010, having already re-filed his individual claims in the 2010 Case. On March 28 and April 5, 2011, Plaintiff then filed notices of voluntary dismissal in connection with that case as well, before bringing the present 2011 Case. Federal Rule of Civil Procedure 41(a) provides that a plaintiff may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgement. *See* Fed. R. Civ. P. 41(a)(1)(A)(i). Unless the notice or stipulation states otherwise, the dismissal is without prejudice. Fed. R. Civ. P. 41(a)(1)(B). However, "if the plaintiff previously dismissed any federal - or state - court action based on or including the same claim, a [second] notice of dismissal operates as an adjudication on the

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#12/19
JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4540 PSG (FFMx) | Date | January 13, 2012 |
|---|---|---|---|
| Title | Hooman Melamed, M.D., *et al.* v. Blue Cross of California, *et al.* | | |

merits." *See id.* This is often referred to as the "two dismissal" rule. *See Commercial Space Management Co., Inc. v. Boeing Co., Inc.*, 193 F.3d 1074, 1075 (9th Cir. 1999).

A Rule 41(a)(1)(B) adjudication is ripe upon the filing of the third action. *See Commercial Space Management*, 193 F.3d at 1080 ("We see no reason why the interests of judicial economy are not well served by deferring resolution of the effect of prior dismissals under the two dismissal rule to the third action, if and when one is filed that is based on or includes the same claim."). "The term 'voluntary' in Rule 41 means that the party is filing the dismissal without being compelled by another party or the court. In other words, it does not mean that other circumstances might not have compelled the dismissal or that the party desired it." *Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Development Corp.*, 933 F.2d 724, 726 (9th Cir. 1991). The distinction between "voluntary, or section (a), dismissals and involuntary, or section (b), dismissals" is determined by "which party initiates the dismissal." *See id.* at 727. "And, while [Rule 41] delineates the bases upon which the defendant may seek an involuntary dismissal, it does not consider the plaintiff's reasons for seeking a voluntary dismissal." *Id.* Finally, the Court notes that although Plaintiffs purported to dismiss their claims "without prejudice" on both occasions, this does not affect the determination of whether the second dismissal acted as an adjudication on the merits. *See* Fed. R. Civ. P. 41(a)(1)(B); *Commercial Space Management*, 193 F.3d at 1076 (...it does not matter what label the plaintiff attaches to a second voluntary dismissal. Rather, Rule 41 itself prescribes the effect of [a second] Rule 41(a)(1) dismissal.").

In *Lake at Las Vegas*, the Ninth Circuit rejected the Plaintiffs' argument that the first dismissal was not "voluntary" because their action would have been subject to dismissal under a Nevada State law prohibiting foreign corporations from bringing suit until registered, reasoning that "there were alternatives to filing for voluntary dismissal" available to Plaintiffs. *See id.* at 726-727. For example, if Plaintiffs "had allowed the defendants to move for a dismissal, it would have been without prejudice….In addition, [Plaintiffs] could have…filed a motion with the court to have its case voluntarily dismissed pursuant to Rule 41(a)(2)." *See id.* at 727 (citing *Sutton Place Dev. Co. v. Abacus Mortgage Inv. Co.*, 826 F.2d 637, 640 (7th Cir.1987), *cert. denied*, 485 U.S. 961, 108 S.Ct. 1224, 99 L.Ed.2d 424 (1988)). The Court also rejected the argument that the "two dismissal" rule should not apply where the dismissals were "not for the purpose of harassing or abusing the defendants," noting that the "Rule does not require an inquiry into the circumstances of the two dismissals." *See id.*

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#12/19
JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4540 PSG (FFMx) | Date | January 13, 2012 |
|---|---|---|---|
| Title | Hooman Melamed, M.D., *et al.* v. Blue Cross of California, *et al.* | | |

In this case, Plaintiffs do not argue in their Opposition that the March 28 and April 5 dismissals following the Southern District of Florida's March 8 Order were involuntary, nor do the notices of dismissal themselves indicate that they were filed in response to that Order. Rather, Plaintiffs argue that, even if both dismissals were initiated pursuant to Rule 41(a)(1), the "two dismissal" rule does not apply because "the WellPoint MDL claims were completely distinct from those brought in the [2010 Case], arising out of an entirely distinct transactional nucleus of operative fact." *See Opp.* 3:1-3.

In any event, the Court notes that Plaintiffs initiated notices of voluntarily dismissal on both occasions without an Order from this Court requiring them to do so, and that, as in *Lake at Las Vegas*, other avenues of relief were available to Plaintiffs in order to avoid the res judicata effect of a second voluntary dismissal. For example, Plaintiffs could have filed a motion to have their case voluntarily dismissed pursuant to Rule 41(a)(2), or could have "allowed the defendants to move for a dismissal" in the 2010 Case. *See Lake at Las Vegas*, 933 F.2d at 727. Alternatively, Plaintiffs could have sought relief from the Southern District of Florida by moving to stay or reconsider the March 8 Order enjoining their claims in the 2010 Case, could have sought certification of the Order pursuant to 28 U.S.C. § 1292, or, as an admittedly drastic remedy, could have made themselves subject to a final order of contempt in that court and appealed the injunction. *See Thomas v. Blue Cross Blue Shield Ass'n*, 594 F.3d 823, 830 (11th Cir. 2010).

Plaintiff's failure to do so may have been due to a miscalculation or a misunderstanding regarding the effect of their prior dismissal in the WellPoint MDL. As noted above, Plaintiffs re-filed their claims in state court shortly after voluntarily dismissing the 2010 Case, giving rise to the 2011 Case. In connection with the 2011 Case, Defendants again sought and were granted an Order from the Southern District of Florida enjoining Plaintiffs' allegations as a violation of the 2005 Managed Care MDL settlement agreement. *See* Docket No. 6269 (Sept. 20, 2011), Case No. 00-1334-MD-MORENO. However, rather than voluntarily dismiss the 2011 Case in response to that order, Plaintiffs have instead moved for reconsideration and to stay its effect on the grounds that a voluntarily dismissal of the 2011 Case could result in the dismissal of Plaintiffs' claims with prejudice under Rule 41(a). *See* Docket No. 6278 (Oct. 4, 2011), Case No. 00-1334-MD-MORENO.

In sum, Plaintiffs filed notices of voluntary dismissal on two occasions, neither of which

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#12/19
JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4540 PSG (FFMx) | Date | January 13, 2012 |
|---|---|---|---|
| Title | Hooman Melamed, M.D., *et al.* v. Blue Cross of California, *et al.* | | |

were initiated by Defendants in this Court or pursuant to this Court's Order, nor were they Plaintiff's sole option. Because the "two dismissal" rule "does not require an inquiry into the circumstances of the two dismissals," and, as set forth in detail below, the claims asserted in the three actions are also sufficiently identical, the March 28 and April 5 dismissal operated as an adjudication on the merits. *See* Fed. R. Civ. P. 41(a)(2).

Neither the Ninth Circuit nor the Supreme Court has specifically addressed the meaning of "same claims" for the purposes of Rule 41(a)(1). *See Durney v. Magna Intern., Inc.*, No. C-11-00361 MHP, 2011 WL 1659880, at *2 (N.D. Cal., May 3, 2011) (citing *Commercial Space Management*, 193 F.3d at 1080; *Lake at Las Vegas*, 933 F.2d at 728). However, the Ninth Circuit has analogized the "two dismissal" rule to the res judicata inquiry. *Id.* "In determining whether two claims are identical, the Ninth Circuit employs four criteria: (1) whether the rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right, and (4) whether the two suits arise out of the same 'transaction.'" *Id.* at *3 (citing, *inter alia*, *Nordhorn v. Ladish Co.*, 9 F.3d 1402, 1405 (9th Cir. 1993)).

As a threshold matter, the Court rejects Plaintiffs' argument that because there are "no common causes of action in the complaints at issue, other than a [Cal. Bus. & Prof. Code § 17200] claim" which purportedly is distinct from the § 17200 claim asserted in the WellPoint MDL "both in terms of the medical claims at issue, as well as the legal theories advanced," Rule 41(a) somehow does not apply. The relevant inquiry is not whether the claims identified in the various complaints match up exactly, but whether the two suits arise from the "same transactional nucleus of facts" such that the claims pleaded are "all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties...." *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 714 (9th Cir. 2001) (rejecting the plaintiffs' argument that a second action asserting federal Title VII claims for discriminatory termination, hostile work environment, and wrongful retaliation was "distinctly different" from an earlier action for wrongful termination and various state law claims).

Plaintiffs urge the Court to find that "the lawsuits at issue arise from different sets of medical claim reimbursement transactions, and hence distinct primary rights." *See* Opp. 3:22-25. According to Plaintiffs, the 2010 Case and the 2011 Case "both involve an entirely different

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#12/19
JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4540 PSG (FFMx) | Date | January 13, 2012 |
|---|---|---|---|
| Title | Hooman Melamed, M.D., *et al.* v. Blue Cross of California, *et al.* | | |

set of emergency medical claims arising from different medical treatment[s] rendered to a different set of patients," s*ee id.* at 4:1-5, while the WellPoint MDL asserted only non-emergency claims.

The operative pleadings in the three actions do not support Plaintiffs' position. Rather, the Court agrees with Defendants that paragraph 235 of the FCAC, which states that the "following is a summary of *some of* the reductions Dr. Melamed has been subjected to by WellPoint," does not purport to limit Dr. Melamed's allegations to the examples that follow, or to non-emergency services in general. *See* Docket No. 12 (Nov. 2, 2009), Case No. MDL 09-2074 PSG (FFMx) (emphasis added). Rather Dr. Melamed's allegations in the FCAC include the assertion that "[o]n numerous occasions" his payments from Defendants have been improperly reduced by "the amount in excess of the allowed expense for a non-participating provider" calculated pursuant to the UCR, because Defendants claimed they were "not responsible for any amounts in excess of this allowed amount." *See id.* ¶ 234.

Likewise, nothing in the complaint filed in connection with 2010 Case limits the allegations set forth therein to emergency medical claims only, and, even if it did, the emergency services claims would still fall within the more general allegations in the FCAC in the WellPoint MDL. Rather, the 2010 Complaint contains the broad averment that Dr. Melamed "has performed and continues to perform medical services, *including* emergency medical services for Defendants' insureds on a non-contracted basis, sometimes referred to as 'out-of-network' or 'non-participating' provider," and that the Defendants' systematic use of invalid UCR determinations has resulted in their failure to fully reimburse Plaintiffs for out-of-network services. *See* Docket No. 1 (Feb. 9, 2010), Case No. CV 10-0962 PSG (FFMx) (emphasis added). The complaint in the 2010 Case similarly alleges that the UCR is "typically set by Defendants and other insurance carriers using various internal and external data sources," and that the "most common data source utilized to determine the UCR is the Ingenix database."

These are the same allegations pleaded in the 2011 FAC. By way of illustration, the 2010 Case contains the following vignette, which the 2011 FAC merely restates, adding only a patient identification number. Compare the following from the 2010 Complaint:

> For example, in 2008, patient X presented to Providence Holy Cross Medical Center on an emergency basis with a leg fracture. Doctor performed a complex

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#12/19**
**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4540 PSG (FFMx) | Date | January 13, 2012 |
|---|---|---|---|
| Title | Hooman Melamed, M.D., *et al.* v. Blue Cross of California, *et al.* | | |

>  surgery on patient X, and billed Defendants $15,342, of which Defendants paid only $1,921.72

*see* Docket No. 1 (Feb. 9, 2010), Case No. CV 10-0962 PSG (FFMx), with its 2011 FAC equivalent:

> For example, in 2008, patient 987A23412 presented to Providence Holy Cross Medical Center on an emergency basis with a leg fracture. Dr. Melamed performed a complex surgery on that patient, and billed Defendants $15,342, of which Defendants paid only $1,921.72...

*See* Dkt. # 17 (July 12, 2011).

In light of the foregoing and the numerous other overlapping facts pleaded in the FCAC, the 2010 Complaint and the 2011 FAC, the Court is satisfied that while the 2011 FAC does not identify the Ingenix database by name, its allegation that "[e]ach of the reimbursement determinations made by Defendants was made without compliant and valid data to substantiate its determinations, and, as a result, Plaintiffs were underpaid for their emergency medical services in each case," is merely a reiteration of the twice-pleaded (and twice dismissed) averment that the reimbursements Plaintiff received for services provided to Defendants' insureds were deficient in that they were based on improperly calculated UCRs. Just as the emergency claims pleaded in the 2010 Case were subsumed within the general allegations pleaded in the WellPoint MDL, so too are the thirteen specific transactions enumerated in the 2011 FAC encompassed by the more general averments in the two prior litigations. As the three actions arose from this same common nucleus of operative facts and involve the same parties in interest,[1] each of Plaintiffs' state-law causes of action in the 2011 Case could have been brought

---

[1]The Court also dismisses Plaintiffs' argument that res judicata, and Rule 41(a), do not apply here because Plaintiff Hooman M. Melamed M.D., Inc. was not a party to the WellPoint MDL. The operative pleadings in both the 2010 Case and the present action acknowledge that Hooman M. Melamed M.D., Inc. is merely the entity through which Dr. Melamed bills for the medical services he performs. *See* Dkt. # 17 (July 12, 2011); Docket No. 1 (Feb. 9, 2010), Case No. CV 10-0962 PSG (FFMx). Accordingly, "[g]iven the undisputed alignment of [Dr. Melamed's] interests with that of his company," the Plaintiffs stand in privity and the

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#12/19
JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4540 PSG (FFMx) | Date | January 13, 2012 |
|---|---|---|---|
| Title | Hooman Melamed, M.D., *et al.* v. Blue Cross of California, *et al.* | | |

in connection with the earlier litigations, and are barred by application of Rule 41(a)'s "two dismissal" rule.

IV.  Conclusion

Because the Court concludes that the entire 2011 Case is barred by application of the "two dismissal" rule set forth in Federal Rule of Civil Procedure 41(a), the Court need not reach the alternative grounds for dismissal under Federal Rule of Civil Procedure 12(b)(6). Defendants' motion to dismiss is GRANTED and the action is DISMISSED WITH PREJUDICE. Defendants' motion to consolidate is hereby rendered MOOT.

**IT IS SO ORDERED.**

---

addition of Hooman M. Melamed M.D., Inc. as a party in the 2010 and 2011 Cases does not alter the Court's analysis. *See Western Radio Services Co., Inc. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997).